# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA M. BLEW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 1:09-cv-01005-SMS<br><br>ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER<br>42 U.S.C. § 406(b)<br><br>(Doc. 18) |

Plaintiff moves the Court to grant attorneys' fees of $7636.00, under 42 U.S.C. § 406(b). Defendant Commissioner has filed a brief taking no position on Plaintiff's request. Having reviewed the motion and its supporting documentation, as well as the case file, this Court awards the requested attorneys' fees.

**I.      Legal and Factual Background**

On May 11, 2009, Plaintiff and attorney Young Cho of the Law Offices of Lawrence D. Rohlfing ("attorneys") entered a contingent fee agreement, providing payment to attorneys of twenty-five per cent of Plaintiff's past due benefits in the event the case was won. On June 9, 2009, Plaintiff filed a complaint in this Court appealing Defendant's denial of her application for disability insurance benefits. By a judgment entered November 30, 2010, this Court remanded the matter to the agency for further proceedings. On August 18, 2011, Administrative Law Judge Michael J. Haubner determined that Plaintiff had been under a disability since January 29, 2008.

///

1

On September 24, 2011, the agency notified Plaintiff of the award of monthly disability benefits beginning in July 2008. Twenty-five per cent of Plaintiff's past due benefit total of $32,944.00 equals $8236.00. Previously, the parties stipulated and the Court ordered paid to Plaintiff a fee of $5400.00 under the Equal Access to Justice Act (EAJA). Plaintiff now requests attorneys' fees of $7636.00.

## II.     Discussion

> Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . .

42 U.S.C. § 406(b)(1)(A).

The Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements, taking into account both the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808. Congress has provided a single guideline: Contingency agreements are unenforceable to the extent that they provide for fees in excess of twenty-five per cent of past-due benefits. *Id.* at 807. Within the twenty-five percent corridor, the attorney for a successful claimant must demonstrate that the fee is reasonable for the services that he or she provided. *Id.*

"[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, the attorneys secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

///

**III.    Conclusion and Order**

Accordingly, this Court hereby GRANTS Plaintiff's petition for attorneys' fees of $7636.00, net of the previously awarded fee of $5400.00 under the Equal Access to Justice Act (EAJA), for a total amount payable to Plaintiff's attorneys of $2236.00.  The balance of funds withheld from Plaintiff's past due benefits, $6000.00, shall be paid to Plaintiff.

IT IS SO ORDERED.

Dated:   February 13, 2012                       /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE